IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JASON WARD, | ) | |
|         Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | 4:12-CV-00276-HLM-WEJ |
| TRANS UNION, LLC, | ) | |
|         Defendant. | ) | |

**DEFENDANT TRANS UNION LLC'S RESPONSE TO
PLAINTIFF'S MOTION TO DISMISS**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), and files this its Response to Plaintiff's Motion to Dismiss Without Prejudice ("Response") and moves the Court to first rule on Defendant Trans Union's Motion to Dismiss Plaintiff's Injunctive Relief Claims ("Trans Union's Motion") (Dkt. No. 6) before ruling on Plaintiff's Motion of Dismiss without Prejudice (Plaintiff's Motion") (Dkt No. 10).  Trans Union further moves the Court to deny Plaintiff's Motion as to his injunctive relief claims for the reasons outlined below.

1.    Trans Union's Motion was filed on December 10, 2012, and has not been ruled on by the Court.  Plaintiff failed to respond to Trans Union's Motion within the time allowed by Local Rule 7.1(B) for the Northern District of Georgia, and therefore, Plaintiff's claims for injunctive relief should be dismissed with prejudice for failure to timely respond.

2.      Plaintiff filed his Motion on December 31, 2012, requesting that the Court dismiss all his claims without prejudice.  Plaintiff's injunctive relief claims should be dismissed with prejudice and not without prejudice as he requests.  As demonstrated by Trans Union's Motion, The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* "FCRA" does not allow injunctive relief to private plaintiffs. Plaintiff should not be allowed to dismiss his claims without prejudice just to avoid dismissal of his injunctive relief claims with prejudice so he can refile them later. *See Owens v. Pineland Mental Health*, 2012 U.S. Dist. LEXIS 97972 at *4, 5 (S.D. Ga. July 13, 2012) (The court found it more prudent to first rule on the Defendant's motion to dismiss before granting Plaintiff's voluntary dismissal without prejudice).

3.      Lastly, allowing Plaintiff to dismiss his injunctive relief claims without prejudice would prejudice Trans Union by requiring it to expend additional time and resources re-filing its Trans Union Motion should Plaintiff re-file the same claim at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Court grant Trans Union's Motion, dismiss Plaintiff's injunctive relief claims with prejudice, and dismiss the remainder of Plaintiff's claims without prejudice.

Respectfully submitted,


/s/ Alex M. Barfield
**ALEX M. BARFIELD**
Georgia Bar No. 037147
abarfield@hptylaw.com
**HAWKINS PARNELL THACKSTON & YOUNG LLP**
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
(404) 614-7400
(404) 614-7500 Fax
***Counsel for Trans Union LLC***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JASON WARD,                          )
                                     )
              Plaintiff,             )
                                     )              CASE NO.
v.                                   )         4:12-CV-00276-HLM-WEJ
                                     )
TRANS UNION, LLC,                    )
                                     )
              Defendant.             )

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and upon all counsel of record, by placing the same in the U.S. Mail via Certified Mail, Return Receipt Requested with adequate postage affixed thereto and addressed as follows:

Jason Ward
4215 Jimmy Lee Smith Pkwy
Suite 19
Hiram, GA 30141

Jason@jasoncward.com
(404) 884-1021
*Plaintiff Pro Se*

/s/ Alex M. Barfield
**ALEX M. BARFIELD**
Georgia Bar No. 037147